JUSTICE GRAY,
concurring in part and dissenting in part.
I concur in the Court’s opinion on issues two and three. I respectfully dissent on issue one, whether the District Court erred in awarding attorney fees to Zycom. It is my view that the Court improperly relies on our decision in Sliters as authority for resolution of the issue before us; in doing so, it fails to address other language from Sliters which forms the basis for an appropriate analysis of the language of § 28-3-704, MCA, and the application of that language to this issue.
I agree that, in Montana, attorney fees cannot be recovered unless so provided by statute or contract. I also agree that, initially, Zycom’s right to attorney fees is that provided in the Shull-First Interstate lease; as assignee of First Interstate, Zycom was entitled to attorney fees in the event Shull breached the lease.
I disagree with the Court’s determination that Sliters addressed the issue of whether the party with the original contractual right to attorney fees can receive an “expanded” right under § 28-3-704, MCA, because Sliters is clearly distinguishable from the case now before us. There, Ross was the original payee of Lee’s promissory note and, under the note’s provisions, had a right to recover attorney fees incurred to enforce collection of the note. Ross assigned all of his interest in the note to Sliters. When Sliters sued Lee under the note, Lee filed a third-party complaint against Ross. Ross prevailed on Lee’s third-party claims and then sought attorney fees pursuant to § 28-3-704, MCA, for successfully defending against Lée’s claims.
We stated that Ross’ right to attorney fees “must stand or fall upon the provisions of the note.” Sliters, 641 P.2d at 476. We did so because Ross — having assigned all his interest in the note to Sliters — was left with “no remaining contractual right to attorney fees under the provisions of the note.” Sliters, 641 P.2d at 476. The case before us *41 now presents an entirely different factual scenario. Here, Zycom remained a party to the lease as First Interstate’s assignee; as such, it clearly retained its original right to attorney fees under the lease.
In addressing Ross’ right to fees in Sliters, we also noted that Lee’s third-party complaint against him was not an action on the note itself. Sliters, 641 P.2d at 476. Thus, in Sliters, our discussion properly began and ended with the provisions of the note; § 28-3-704, MCA, never came into play. Here, Shull’s claim against Zycom was for a breach of the lease containing the attorney fee provision.
It is clear that, as a result of the factual scenario presented in Sliters, we did not reach the issue before us now — whether the party with the original contractual right to fees has, via application of § 28-3-704, MCA, the right to fees when it is sued under the contract and prevails. We did state in Sliters, however, that the statute “provides mutuality of obligation and remedy between the parties to a promissory note expressly providing for attorney fees.” Sliters, 641 P.2d at 476. We properly did not reach a conclusion there about the impacts of the statute because of the facts presented, where Ross retained no interest in the note and the action against him, on which he prevailed, was not on the note.
It is my view that the case before us — unlike Sliters — does require an analysis of the statute and our statement that the statute provides mutuality of both obligation and remedy, in order to determine whether Zycom has a right to attorney fees here. Briefly stated, Zycom’s argument for entitlement to those fees is that Shull clearly would have been entitled to fees had he prevailed in his breach of lease claim against it; as a result, according to Zycom, it is entitled to attorney fees as the prevailing party on Shull’s breach of lease action against it.
In pertinent part, § 28-3-704, MCA, provides that, in any action on a contract providing an express right to attorney fees to one party, “all parties to the contract... shall be deemed to have the same right to recover attorney fees and the prevailing party in any such action ... shall be entitled to recover his reasonable attorney fees from the losing party....” This statutory language is the basis for our statement in Sliters that the statute provides “mutuality of obligation and remedy” between all parties to a contract expressly providing a right to attorney fees to one party.
Applied here, the statute and our “mutuality of remedy” language in Sliters require us to affirm the District Court’s award of attorney fees to Zycom. A contract between Shull and Zycom existed, which *42 provided an express right to attorney fees to Zycom. Shull brought an action against Zycom under the contract. At that point, § 28-3-704, MCA, came into play, all parties had the same right to attorney fees, and the prevailing party was entitled to recover those fees. Thus, had Shull prevailed on his breach of lease claim against Zycom, he would have been entitled to fees from Zycom as the prevailing party. Under the same analysis, Zycom is entitled to attorney fees here as the prevailing party in Shull’s action on the lease.
The Court’s inappropriate reliance on Sliters, and its consequent failure to analyze the issue before us in this case, produce an incorrect result. More importantly, the Corut’s action casts doubt on our “mutuality of obligation and remedy’ language and leaves our earlier “prevailing party” decisions under the statute in a state of confusion. I cannot agree. I would affirm the District Court’s award of attorney fees to Zycom.